# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 9:12-CR-00034-RC-JDL |
| v. | § |
| | § |
| | § |
| AMBER MICHELLE CHRISTOPH, | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On November 14, 2018, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Amber Michelle Christoph. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute 28 Grams or More of Cocaine Base, a Class B felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 23 and a criminal history category of II, was 60 to 63 months. On March 12, 2013, District Judge Ron Clark sentenced Defendant to 60 months imprisonment followed by 4 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and mental health treatment. Defendant served her term of imprisonment under Case No. 6:16-cr-00006-JRG, Eastern District of Texas, Tyler Division, consecutive to her sentence in the instant case. On January 30, 2017, Defendant completed the term of imprisonment and began her term of supervised release.

Under the terms of supervised release, Defendant was required to not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated her conditions of supervised release when she submitted a urine specimen, which tested positive for methamphetamine on January 10, 2018 and August 22, 2018. The government also alleges that Defendant submitted a urine specimen, which tested positive for cocaine and marijuana on January 10, 2018 and January 27, 2018. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when she possessed methamphetamine on January 10, 2018 and August 22, 2018 and cocaine on January 10, 2018 and January 27, 2018, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the Parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as described in Allegation 4 in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 12 months and 1 day imprisonment,

with no supervised release to follow, to run concurrent with any sentence under the petition pending in Case No. 6:16-cr-00006-JRG, Eastern District of Texas, Tyler Division.[1]

The Court therefore **RECOMMENDS** that Defendant Amber Michelle Christoph's plea of true be accepted and she be sentenced to 12 months and 1 day imprisonment, with no supervised release to follow, to run concurrently with the sentence imposed in Case No. 6:16-cr-00006-JRG, Eastern District of Texas, Tyler Division. The Court further **RECOMMENDS** that Defendant serve her sentence at FMC Carswell, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 15th day of November, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing the Parties represented the agreement reached was for a sentence of 12 months imprisonment. Counsel subsequently contacted the Court to clarify the agreement reached was for 12 months and 1 day imprisonment.